NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOB LEWIS, | No.   20-16073 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00085-SK |
| v. | |
| GOOGLE LLC, A Delaware Corporation; YOUTUBE, LLC, A Delaware Limited Liability Company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Submitted February 5, 2021[**]
San Francisco, California

Before:  RAWLINSON and BUMATAY, Circuit Judges, and S. MURPHY,[***]
District Judge.
Concurrence by Judge RAWLINSON

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Bob Lewis ("Lewis"), an author, journalist, pundit, and political commentator, sued Google, LLC and YouTube, LLC on several claims surrounding Lewis's YouTube channel, *Misandry Today*. The district court dismissed each claim, and we affirm.

First, the district court dismissed for lack of standing Lewis' claims that § 230 of the Communications Decency Act ("CDA") was unconstitutional and that YouTube did not meet the "good faith" requirement of § 230(c)(2). We review questions of standing de novo but review the "underlying factual findings . . .for clear error." *McCormack v. Herzog*, 788 F.3d 1017, 1024 (9th Cir. 2015).

Constitutional standing requires a plaintiff to show (1) an "injury in fact" that is "concrete and particularized," "actual or imminent"; (2) that the injury is "fairly traceable to the challenged actions of the defendant"; and (3) that it is "likely" "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (simplified). The standing analysis is claim specific. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017).

None of the alleged injuries in Lewis' challenge to the CDA's constitutionality are fairly traceable to the application of § 230 of the CDA. First, the district court found that Lewis lacked standing to challenge the constitutionality of § 230. Lewis's alleged injuries—removing videos, cancelling advertisement

2

sharing, and so-called "shadow banning"—all arose from the actions of YouTube, a private entity,[1] as it enforced its own standards. Section 230 does not apply to Lewis's conduct or provide a mechanism for sanctions that could affect Lewis; instead, it provides immunity to "providers of interactive computer services against liability arising from content created by third parties."[2] *Fair Hous. Council of San Fernando Valley v. Roomates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc)). Lewis has therefore failed to show an injury that is fairly traceable to the CDA.

The district court next found that Lewis lacked standing to challenge the application of the "good faith" requirement in § 230(c)(2)(a) of the CDA. But Lewis raised no arguments on appeal that specifically challenged the determination. And YouTube never relied on the specific subdivision of § 230 in the motion to dismiss or the immunity arguments under the CDA. Because no party invoked § 230(c)(2)(a), the provision did not harm Lewis, and no injury was

---

[1] "The Free Speech Clause of the First Amendment prohibits the government—not a private party—from abridging speech." *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020). As "a private entity," although YouTube provides a forum for speech, it is not "transform[ed]" into a state actor. *Id.* at 996–97.

[2] Lewis' overbreadth argument facially challenging the CDA fails. Only "an individual whose own speech or conduct may be prohibited is permitted to challenge a statute on its face[.]" *Bd. of Airport Comm'rs of City of L.A. v. Jews for Jesus, Inc.*, 482 U.S. 569, 574 (1987). Section 230 does not prohibit any speech. And Lewis' challenge does not fall under the category of persons "whose own speech or conduct" may be prohibited.

traceable to it. Without an injury, the district court did not err in finding Lewis lacked standing to bring the claim.

The district court also found that Lewis failed to allege sufficient facts to state a claim on his remaining claims. We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). We accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

Only a person "acting under color of state law" can commit a First Amendment violation actionable under 42 U.S.C. § 1983. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Lewis sued private entities and asserted no actions that occurred under color of state law. *See Prager Univ.*, 951 at 996 ("YouTube is a private entity."). YouTube committed no § 1983 violation here.

First, Lewis brought a claim under Title II of the Civil Rights Act, 42 U.S.C. § 2000a(a), which provides for "full and equal enjoyment" of the goods and services of "any place of public accommodation." But YouTube's websites are not a "place of public accommodation." *Id.* Title II "covers only places, lodgings, facilities[,] and establishments," and the statute itself is devoid of language which would "indicate congressional intent to regulate anything other than public

4

facilities." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755–56 (9th Cir. 1994). To conclude Google or YouTube were places of public accommodation under Title II "would obfuscate the term 'place' and render nugatory the examples Congress provides to illuminate the meaning of that term." *Id.* at 755. The district court did not err in dismissing Lewis's Title II claim.

Next, Lewis asserted a claim under the Lanham Act for false advertising, 15 U.S.C. § 1125(a)(1)(B). To sue under § 1125(a), "a plaintiff must allege an injury to a commercial interest in reputation or sales," and thus, a consumer cannot bring a claim under the Lanham Act. *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118, 131–32 (2014). Lewis asserted claims as a consumer on the Google platform and not as a competitor with a commercial interest in reputation or sales. Accordingly, the district court properly dismissed Lewis's Lanham Act claim for failure to state a claim.

Lewis also brought a claim for fraud by omission. Under California law, a claim of fraud by omission requires a showing of "(1) the concealment or suppression of material fact, (2) a duty to disclose the fact to the plaintiff, (3) intentional concealment with intent to defraud, (4) justifiable reliance, and (5) resulting damages." *Mui Ho v. Toyota Motor Corp.*, 931 F. Supp. 2d 987, 999 (N.D. Cal. 2013) (citation omitted). Lewis did not allege any facts that asserted YouTube had a duty to disclose to Lewis. Lewis's allegations did not show any

alleged concealment of a material fact or reasonable reliance even as Lewis purported that YouTube failed to disclose that they censor hate speech.

And, under California law, a plaintiff cannot demonstrate reasonable reliance on an alleged omission of information when the purportedly omitted information is disclosed in a contract. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1163–64 (9th Cir. 2012). YouTube disclosed that it reviews flagged content to determine whether it violates the Community Guidelines, which in turn prohibit "Hateful content." YouTube's monetization policies elaborate that "Hateful content" is ineligible for monetization. Thus, Plaintiff's fraud allegation fails to state a claim.

Lewis next asserted a claim for breach of implied covenant of good faith and fair dealing. "[U]nder California law, all contracts have an implied covenant of good faith and fair dealing." *In re Vylene Enters., Inc.*, 90 F.3d 1472, 1477 (9th Cir. 1996) (citation omitted). Lewis alleged that his contract gave YouTube *unilateral* discretion to remove, restrict, demonetize, or demote his content. And YouTube's terms and Guidelines explicitly authorized YouTube to remove or demonetize content on its platform that violated its policies, including "Hateful content." Thus, YouTube's removal or demonetization of Lewis's videos, when YouTube determined them to violate the Guidelines, cannot support a claim for breach of the implied covenant of good faith and fair dealing. *See Carma Devs.*

6

*(Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992) (en banc) ("[I]f defendants were given the right to do what they did by the express provisions of the contract there can be no breach[.]") (internal quotation marks omitted).

Finally, Lewis brought a state law claim of tortious interference with prospective economic advantage. The first element of a tortious interference claim requires the existence of "an economic relationship between the plaintiff and some third party, with the possibility of future economic benefit to the plaintiff." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003). Lewis failed to allege, and the complaint cannot be read to find, that he had an economic relationship with a third party. And California law requires that YouTube knew of the third-party economic relationship. *Id.* But Lewis failed to show that YouTube was aware of any third party. The district court properly dismissed the claim.

The district court properly found Lewis lacked standing to bring two claims, and we find after de novo review that he failed to adequately plead the remainder.

**AFFIRMED.**



***Lewis v. Google*, Case No. 20-16073**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

1